DONALD LEE HAMPTON, PETITIONER, v. THE HONORABLE ALVIN N. WARTMAN, JUDGE OF THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, RESPONDENT.

No. 5896

June 20, 1969                                  455 P.2d 921

*Singleton, DeLanoy, Jemison & Reid,* of Las Vegas, for Petitioner.

*Ross, Snyder, Goodman & Bryan, Ltd.,* of Las Vegas, for Respondent.

**OPINION**

By the Court, ZENOFF, J.:

Petitioner was notified on November 22, 1968 that he was demoted from Assistant Superintendent of Detention at the Clark County Detention Home to Deputy Probation Officer. The demotion was effective as of December 1, 1968 and was approved by the juvenile judge.

Petitioner inappropriately sought a hearing before county officials. Upon realizing that this avenue of recourse was improper, petitioner, on January 17, 1969, requested a hearing before a judge other than the juvenile judge. The juvenile judge refused to disqualify himself. Thereupon followed this application for a writ of certiorari or prohibition.

Petitioner contends that he was not afforded an opportunity for a hearing prior to the demotion as required by NRS 62.110(1).[1] We disagree.

---

[1] 62.110 APPOINTMENT OF PROBATION OFFICERS AND EMPLOYEES; COMPENSATION.

1. . . .

Probation officers and employees may be . . . reduced in position only after having been . . . afforded an opportunity to be heard before the judge in answer thereto.

The only relevant consideration is the applicability of legislative provisions. NRS 62.100(2)(f)[2] gave the juvenile judge the power to hire and fire the petitioner. He used it. NRS 62.110(1) requires the juvenile judge to afford an opportunity for a hearing before demotion takes place. He did. The judge stood ready to hear petitioner between November 22, 1968 and December 1, 1968 before the demotion became effective; but petitioner did not request a hearing; therefore any absence of redress was occasioned by the petitioner who did not avail himself of the offered opportunity for a hearing.

Petitioner's January 17, 1969 request that the juvenile judge disqualify himself was improper. NRS 62.110(1) expressly states that the hearing will be before the juvenile judge. Even at that late date the judge stood ready to afford a hearing but petitioner refused it.

The request for a writ of certiorari or prohibition is denied.

BATJER and MOWBRAY, JJ., concur.

THOMPSON, J., with whom COLLINS, C. J., concurs, dissenting:

We are not here dealing with a case where the appointing power may hire and fire at his pleasure. Our statutes contemplate a showing of good cause and a hearing before an impartial judge before a probation officer may be removed, discharged or reduced in rank. The procedure followed to demote the petitioner violated relevant statutory provisions.

NRS 62.100(g) provides that "the probation committee may, upon the majority vote of its members, recommend the removal or discharge of any probation officer." NRS 62.110, in relevant part declares that a "probation officer may be . . . reduced in position only after having been given the reasons therefor in writing and being afforded an opportunity to be heard before the judge in answer thereto."

In the matter before us the probation committee recommended Hampton's demotion effective December 1, 1968, without giving any reasons therefor, and the judge approved that recommendation before Hampton was even notified of it! This is not consonant with statute nor in harmony with one's sense of fundamental fairness. The probation committee must

---

[2]62.100 PROBATION COMMITTEE; APPOINTMENT; TERM OF OFFICE, REMOVAL; DUTIES.

1. . . .

(f) . . . Any employees are subject to discharge by the judge or judges.

give its reasons for recommending demotion. It did not do so. This requirement is meaningful. Its purpose is to notify the probation officer of the committee's grievances and to accord him the opportunity to respond to specific charges. He cannot be expected to respond to charges when none have been made. The probation officer is then to be given the opportunity to answer before a judge who has not already participated in the committee's action and approved it in advance.

The majority is satisfied with the procedure employed in this case and finds that the probation committee and the judge acted within the law. The opinion, however, fails to mention NRS 62.100(g) concerning the recommendation of the probation committee, and which does not call for the approval or disapproval of the judge of that recommendation before a hearing is held. The opinion fails to note that NRS 62.110 commands the probation committee to give reasons for its recommendation. The opinion fails to state that such reasons were not given. The opinion refuses to acknowledge that Hampton was not notified of the basis for recommended disciplinary action and could not, therefore, be expected to prepare a response or answer. Finally, the opinion states that Hampton was offered a hearing but refused it, when in fact he sought a hearing before a judge who had not prejudged the matter by approving the committee's recommendation in advance. These facts may not be swept under the carpet and ignored. They exist and constitute the heart of this controversy.

A writ should issue.

Respectfully, we dissent.