**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIANA HEILMAN, | No. 08-16705 |
| Plaintiff - Appellant, | D.C. No. 3:04-cv-00683-LRH-VPC |
| v. | |
| MICHAEL J. MEMEO; STATE OF NEVADA; JAMES WATSON, | MEMORANDUM * |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted November 6, 2009**
San Francisco, California

Before: NOONAN and W. FLETCHER, Circuit Judges, and DUFFY,***
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Diana Heilman appeals from the district court's grant of summary judgment on her claims of sex and age discrimination and breach of contract. In the district court, Heilman challenged the termination of her employment, alleging that her employer discriminated against her on the basis of sex and age, breached her employment contract by failing to comply with the pre-termination procedures set forth in Nevada Revised Statutes § 62.110, and violated other provisions of federal and state law. After dismissing some claims, the district court granted summary judgment to defendants on all remaining claims. We have jurisdiction under 28 U.S.C. § 1291. We reverse as to Heilman's breach of contract claim and remand for further proceedings on that claim, and affirm as to all other claims.

We review de novo the district court's grant of summary judgment. *Dreiling v. Am. Online Inc.*, 578 F.3d 995, 1000 (9th Cir. 2009). We view the evidence in the light most favorable to the nonmoving party to determine whether any genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law. *Id.*

Heilman resigned from her employment. To prevail on any of her claims, Heilman must prove that she was terminated. For purposes of Heilman's federal claims, a resignation may be involuntary (and therefore qualify as a constructive termination) if a reasonable person in the employee's position would have felt

2

coerced into resigning and deprived of free choice in the matter, whether or not intolerable working conditions were at issue. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 940-41 (9th Cir. 2009). For purposes of her state law claims, Nevada caselaw similarly provides that a jury may conclude that an involuntary resignation is equivalent to a termination. *See Beales v. Hillhaven, Inc.*, 825 P.2d 212, 214, 216-17 (Nev. 1992) (implicitly approving trial court's decision to permit a plaintiff who resigned her position under the threat of termination to pursue a wrongful discharge claim).

Heilman has created an issue of fact as to whether her resignation was voluntary. Heilman's supervisor demanded her resignation, and she complied. Her supervisor did not give her an alternative option nor the ability to select the timing of her resignation. *See Knappenberger*, 566 F.3d at 941. For purposes of summary judgment, there is sufficient evidence from which a jury could find that Heilman was terminated. We therefore proceed to an analysis of Heilman's claims stemming from her termination.

The district court determined that Heilman's breach of contract claim failed because she was an at-will employee. While we agree that she was an at-will employee, Heilman's appointment letter and Nevada law provided that she could only be terminated in accordance with Nevada Revised Statutes § 62.110. We hold

3

that the provisions of the appointment letter, signed by both Heilman and her employer, are enforceable as a matter of contract. The letter provided in mandatory language that Heilman could be terminated "only after having been given the reasons therefore in writing and being afforded an opportunity to be heard before the judge in answer thereto." *See* Nev. Rev. Stat. § 62.110 (Michie's 2002) (repealed 2004); *Hampton v. Wartman*, 455 P.2d 921, 922 (Nev. 1969).

It is undisputed that Heilman's employer failed to follow these procedures. While neither the contract nor state statute required Heilman's employer to have "cause" to dismiss her, she was nevertheless entitled to have the enumerated procedures followed. *See Hampton*, 455 P.2d at 922. Accordingly, we reverse the grant of summary judgment on this claim and remand for further proceedings.

We affirm the district court's grant of summary judgment on Heilman's Title VII sex discrimination and Age Discrimination in Employment Act (ADEA) claims. For purposes of our analysis, we assume without deciding that the personal staff exemptions in Title VII and the ADEA do not apply to Heilman's claims. We also assume without deciding that Heilman did not abandon her sex discrimination and age discrimination claims, either before the district court or on appeal.

Heilman's sex discrimination claim against defendants Memeo and Watson in their individual capacities fails because a supervisor cannot be held liable in his

4

individual capacity for violating Title VII. *See Ortez v. Wash. County*, 88 F.3d 804, 808 (9th Cir. 1996). Her claim against the other defendants fails because she has not made out a prima facie case.

To make out a prima facie case of sex discrimination, a plaintiff must ordinarily show that: (1) she belonged to a protected class; (2) she was qualified for her job; (3) she was subjected to an adverse employment action; and (4) similarly situated employees not in her protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006). A plaintiff may also establish a prima facie case by "providing direct evidence suggesting that the employment decision was based on an impermissible criterion." *EEOC v. Boeing Co.*, 577 F.3d 1044, 1049 (9th Cir. 2009).

Heilman has not shown that similarly situated individuals outside her protected class were treated more favorably. *See Moran*, 447 F.3d at 753. She contends that she need not produce such evidence because her employer discriminated against her pursuant to an unwritten policy that only applied to women and embodied invidious sex stereotypes. *See Gerdom v. Continental Airlines, Inc.*, 692 F.2d 602, 606, 608 (9th Cir. 1982) (en banc); *see also Sassaman v. Gamache*, 566 F.3d 307, 313 (2d Cir. 2009) ("When employment decisions are based on invidious sex stereotypes, a reasonable jury could infer the existence of

5

discriminatory intent.").  While evidence of such a policy could be sufficient to make out a prima facie case of sex discrimination, Heilman has failed to offer facts in support of her contentions.

Heilman's age discrimination claim similarly fails.  Heilman's age discrimination claim against defendants Memeo and Watson in their individual capacities fails because a supervisor cannot be held liable in his individual capacity for violating the ADEA.  *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993).  Her claim against the Fourth Judicial District Court fails because the court is immune from suit under the ADEA as an instrumentality of the state. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 67, 91 (2000).

To make out a prima facie case of age discrimination, a plaintiff must show that: (1) she was at least forty years old; (2) she was performing her job satisfactorily; (3) her employment was terminated; and (4) she was replaced by a substantially younger employee with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination. *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).

Assuming that defendants Memeo and Watson can be held liable for violation of the ADEA in their official capacities and therefore be subject to injunctive relief, her claim against them fails because she has not introduced any

evidence showing that her replacement had equal or inferior qualifications. *See id.* at 1207 & n.2.

Accordingly, we affirm the district court's grant of summary judgment on Heilman's Title VII and ADEA claims.

To the extent Heilman raises any other challenges to the district court's grant of summary judgment, those challenges also fail. We reverse the district court's grant of summary judgment on the breach of contract claim and affirm the grant of summary judgment as to all other claims.

AFFIRMED in part, REVERSED in part and REMANDED for further proceedings. Costs to appellant.